IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| **James Mitchell, Sr., Board of Trustees Chairman** <br> **and James Loftis, Board of Trustees Secretary,** <br> **on behalf of NORTHWEST INDIANA** <br> **PAINTERS WELFARE FUND;** <br><br> **Shawn Solner, Board of Trustees Co-Chairman** <br> **and Penny Eades, Board of Trustees** <br> **Co-Chairman, on behalf of the FINISHING** <br> **TRADES INSTITUTE OF DISTRICT** <br> **COUNCIL 91;** <br><br> **NORTHWEST INDIANA LOCAL 460,** <br> **DISTRICT COUNCIL 91, IUPAT, AFL-CIO** <br><br> **Plaintiffs,** <br><br> vs. <br><br> **CROWN INTERIOR SYSTEMS, LLC,** <br><br> **Defendant.** | **CASE NO. 2:16-CV-12** |

## COMPLAINT

Plaintiffs **James Mitchell, Sr., Board of Trustees Chairman, and Jim Loftis, Board of Trustees Secretary, on behalf of NORTHWEST INDIANA PAINTERS WELFARE FUND; Shawn Solner, Board of Trustees Co-Chairman, and Penny Eades, Board of Trustees Co-Chairman, on behalf of the FINSHING TRADES INSTITUTE OF DISTRICT COUNCIL 91;** and **NORTHWEST INDIANA LOCAL 460, DISTRICT COUNCIL 91, IUPAT, AFL-CIO,** by their attorneys, **PAUL T. BERKOWITZ & ASSOCIATES, LTD.**, complain of Defendant **CROWN INTERIOR SYSTEMS, LLC,** stating as follows:

## COUNT I

1.   This action arises under and jurisdiction resides with this Court pursuant to the Employee Retirement Income Security Act of 1974, as amended, 29 U.S.C. §1001, et seq., ("ERISA") and more particularly under Sections 502 and 515 of ERISA, 29 U.S.C. §§1132 and 1145, and is brought by Plaintiffs **James Mitchell, Sr., Board of Trustees Chairman, and Jim Loftis, Board of Trustees Secretary, on behalf of NORTHWEST INDIANA PAINTERS WELFARE FUND;** and **Shawn Solner, Board of Trustees Co-Chairman, and Penny Eades, Board of Trustees Co-Chairman, on behalf of the FINSHING TRADES INSTITUTE OF DISTRICT COUNCIL 91** (collectively referred to as the "Trust Funds") in order to judicially enforce the obligations owed, and breached, by Defendant **CROWN INTERIOR SYSTEMS, LLC** ("Crown") to Plaintiffs Trust Funds.  More specifically, Plaintiffs Trust Funds seek an order directing Defendant Crown to submit to a payroll audit for the period of July 31, 2013 to December 31, 2015.  Plaintiffs Trust Funds seek to be reimbursed for the costs of the audit and their attorneys' fees and costs incurred as a result of being forced to file the instant civil action.  Additionally, Plaintiffs Trust Funds also seek to compel Crown to pay, if any, the delinquent contributions uncovered by the audit, plus liquidated damages and interest.

2.   Plaintiffs Trust Funds' Trustees are fiduciaries within the meaning of and subject to ERISA as said Trust Funds are employee benefit funds within the meaning of and subject to ERISA.  Plaintiffs Trust Funds provide benefits for employees working within this judicial district and are, themselves, administered in this judicial district.

3.   At all times materials herein, Defendant Crown has employed employees within this judicial district.  Jurisdiction and venue exist in this judicial district because the breach took place

within said district, 29 U.S.C. § 1132(e).

**4.** At all times material herein, Defendant Crown has been signatory to a collective bargaining agreement with Northwest Indiana Local 460, District Council 91, IUPAT, AFL-CIO, and, as such, is bound by the Plaintiffs Trust Funds' Agreements and Declarations of Trust.

**5.** The Union's collective bargaining agreement and the Trust Agreements by which Defendant Crown has agreed to be bound provide, inter alia, that field audits of a signatory contractor's payroll and related records may be made by the Trust Funds so as to insure that the appropriate contributions are made to the Trust Funds, that liquidated damages and interest fees are charged to any contribution which is not paid in a timely fashion and that the Trust Funds' costs (audit fees, attorneys' fees, etc.) incurred in enforcing the audit requirement and in collecting delinquent contributions, interest and liquidated damages are paid by the signatory contractor refusing to make such payment and/or permit the audit.

**6.** Despite Plaintiffs Trust Funds' requests, Defendant Crown has failed to permit Plaintiffs Trust Funds' designated field auditor to review Defendant Crown's payroll books and related records.

**7.** Plaintiffs Trust Funds have satisfied all statutory prerequisites as set forth in 29 U.S.C. §1132(h).

WHEREFORE, Plaintiffs Trust Funds pray that this Court order that:

**1.** Defendant Crown make available to the Plaintiffs Trust Funds' auditors the following records for the period of July 31, 2013 to December 31, 2015:  (a) Master list of all employees, regardless of craft or occupation, showing employees' social security number, and craft (occupation or trade); (b) Calendar year-to-date summary showing regular, overtime and double

time hours with corresponding earnings; (c) quarter-to-date summary showing regular, overtime and double time hours with corresponding earnings; (d) quarterly Federal 941's and State UC's (Workforce Development Contribution Reports); (e) W-2's with W-3, 1099's with 1096; (f) Corporate or Individual tax form (1120, 1120S, 1040, or 1065) dependent on company's tax status; (g) job site list, showing City and State; (h) chart of accounts, and detail from the General Ledger for outside labor, casual labor, or subcontractors; (i) subcontractor listings showing names, dates and amounts, with job location and work performed; (j) time cards or time sheets; (k) check registers (cash disbursements); (l) contribution reports for all jurisdictions; and, (m) any such other financial records as are required by the auditors in order to determine the amount of contributions and deductions owed to the Plaintiffs Trust Funds by Crown.

**2.** Within a reasonable time after completion of the inspection of all payroll books and records of Defendant Crown, Plaintiffs Trust Funds shall file with the Court, and serve upon Defendant Crown, an itemized statement of all delinquent contributions, deductions, interest, liquidated damages, late fees and audit costs Plaintiffs Trust Funds claim Crown owes them. Absent objection, within fifteen (15) business days of service upon Crown, the Court shall enter final judgment in favor of the Plaintiffs Trust Funds and against Crown in the amount requested. In the event of an objection, the Court will determine the need for a further hearing;

**3.** Defendant Crown pay statutory post-judgment interest on all delinquent contributions found due, herein;

**4.** Defendant Crown pay Plaintiffs Trust Funds' attorneys' fees and costs; and,

**5.** Such other relief that this Court may find proper be entered against Defendant Crown.

## COUNT II

1.        Plaintiff **NORTHWEST INDIANA LOCAL 460, DISTRICT COUNCIL 91, IUPAT, AFL-CIO,** ("Union") is a labor organization whose duly authorized officers or agents are engaged in representing or acting for employee members working within this judicial district.

2.        At all times material herein, Defendant **CROWN INTERIOR SYSTEMS, LLC** ("Crown") has been engaged in an industry affecting interstate commerce and employs individuals working within this judicial district.

3.        This Court has jurisdiction of this action pursuant to Section 301(c) of the Labor-Management Relations Act, 1947, as amended, 29 U.S.C. §185(c) ("LMRA").

4.        Venue is proper in this judicial district because a substantial part of the events or omissions giving rise to the instant claim occurred within this judicial district.

5.        At all times material herein, Defendant Crown has been a signatory to a collective bargaining agreement with the Union.  Included among the contractual obligations between the parties is the requirement that Defendant Crown make certain payroll deductions and contributions to the Union's designee.  Additionally, said collective bargaining agreement provides that the Union's costs (attorneys' fees, etc.) incurred in enforcing the payroll audit requirement and in collecting delinquent monies, interest and liquidated damages are to be paid by a signatory contractor refusing to make such payment and/or permit the audit.

6.        Defendant Crown is in breach of its contractual obligations to the Union by failing to permit an audit of its payroll books and records so that it can be determined whether Defendant Crown has made the proper payments and done so on a timely basis for the period of July 31, 2013 to December 31, 2015.

WHEREFORE, Plaintiff Union prays that this Court order that:

**1.**  Defendant Crown pay, if any, the delinquent contributions, deductions, interest and liquidated damages found for the period of July 31, 2013 to December 31, 2015;

**2.**  Defendant Crown pay statutory post-judgment interest and liquidated damages on all principal damages found due by this Order;

**3.**  Defendant Crown pay Plaintiff Union's attorneys' fees and costs incurred herein; and,

**4.**  Such other and further relief that this Court may find just and proper be entered against Defendant Crown.


Respectfully submitted,

**PAUL T. BERKOWITZ & ASSOCIATES, LTD.**


By _____/s/ Paul T. Berkowitz_____
   **PLAINTIFFS' ATTORNEYS**


PAUL T. BERKOWITZ & ASSOCIATES, LTD.
123 West Madison Street, Suite 600
Chicago, Illinois  60602
P: (312) 419-0001
F: (312) 419-0002
E: paul@ptblaw.com
Attorney ID: 19025-49